This appeal derives from Petitioner's request to vacate an arbitration award brought solely on the basis of manifest disregard of the law. As you have read the decision below, you know that Judge Sarris gave great consideration to this request, and we agree with 95% of the order that she wrote. However, speaking of the points on which we agree, I would like that the panel committed a plain error in not applying the law of respondeat. It's de novo review, so let's ignore Judge Sarris' decision. Sure. The arbitrators didn't have to give any reasons, and they didn't give any reasons. As I understand your argument, it is that the error of law was that the arbitrators disregarded your theory of the law. Now, even in Judge Sarris' opinion, it says that respondeat superior does not apply if the employee is acting outside of the scope of employment, or if the employee is doing something that the employee has been told not to do. There is no evidence in this record as to Jill Cody that you put on to establish that those exceptions don't apply. That's problem number one. Problem number two, the claims you brought are actually statutory claims about the supervisory duties of Concord. There was expert testimony and testimony from someone working for Concord that they had complied with all of those duties. The arbitrators are not required to adopt your belated respondeat superior gloss on a statutory cause of action. Those two reasons alone are sufficient to defeat a manifest disregard argument on your part. That's the way I tend to look at this, so this is your chance to tell me why I'm wrong. I'd be happy to, Your Honor. First of all, there are four individual defendants in this action. There's Jill Cody, there's Richard Cody, and then there's the two institutional defendants, Westminster and Concord. So we have separate negligence claims were brought against Richard Cody. Common law negligence claims were brought against Richard Cody and Jill Cody, and common law negligence claims were brought against Westminster and Concord. It's correct. We also had separate claims against Concord and Westminster for failure to supervise. Okay, so your argument is that because of your claim against Jill Cody and the assertion of respondeat superior there, that that was a hook against Concord, even though you did not plead that against Concord, you only pled the statutory claim. I did plead against Concord. I have looked at the statement of claim. So I addressed this in the brief in that we don't make a separate claim for respondeat superior. Respondeat superior is a theory of liability by which an entity is negligent. How can it be added to a statutory claim? I think this is a great question, actually, because there is case law whereby this circuit and the district court discusses the interplay between the control person liability statute, which is the vicarious liability that's commonly pled in this instance, and we did that too, and respondeat superior. And they held that they are not mutually exclusive, that you can plead both, and that they both have different standards of proof. Okay, you say you pled a negligence claim directly against Concord? Correct. Okay, I'll take another look at that. All right. And what was the theory of that negligence claim? Respondeat superior based on the negligence of Jill Cody. Okay. Now, do I correctly understand that Jill and Richard Cody did not defend this action? They did not appear at this action. Yes. Well, they didn't defend it. Correct. Okay, so that your whole argument is premised on the assumption that the arbitrate has made a finding of negligence or improper conduct on the part of the Codys for which Concord is responsible. Correct. Okay. But there was no finding of improper conduct. Isn't it perfectly consistent with the record to say that the arbitrators simply could have said, we don't have to pass on whether or not the Codys did anything wrong? It's enough that they're not contesting the action, and we can assume liability against them by default. That's what happens when someone doesn't contest their action. And that's the crux of what we're here to argue, and that's ultimately where Judge Sarris came up. And we present that on this record, it is actually quite clear that the arbitrators made a decision on the substantive merits against Jill Cody and Richard Cody. I thought part of your argument was the arbitrators didn't issue an explained decision at all. Well, that's part of the record, and that's absolutely indisputably true. How can you argue to us that the arbitrators looked into the matter and determined that Jill and Richard were negligent, and negligent in such a way committed acts for which they were responsible and which were in the scope of their employment so that the employer would be responsible? Okay. Doesn't that pile assumption upon assumption? I don't believe so, Your Honor. Let's start with the fact of how do we know that this judgment was entered on consideration of the merits, as opposed to simply for the fact that they defaulted and weren't there. Well, the award itself accounts for what damages were requested as compensatory damage. No, but damages are a separate issue than liability. Certainly. The damages don't tell you on what basis the arbitrators decided they were going to award damages in the first place. In this case, we believe it does because they awarded exactly the amount of damages that were requested against Concord, which means, and Judge Sarris agreed with this, that the most probable likelihood here is that they found that there was no liability, not just for Westminster, but for Richard Cody or Jill Cody. I mean, Jill Cody is not on consideration because she wasn't a part of Westminster. But for Richard Cody at least, if this had been a default judgment, they should have just entered the full 518,000. Instead, they found nothing. But they had no obligation to do that. If you went to judgment by default, the amount of the damages to be assessed are largely in the discretion of the decision maker. There's no legal obligation that a default judgment you must enter all the damages that are claimed. Right, absolutely. And in this case, they made a specific decision to award damages just against Concord, which means that they found that there was no liability. They didn't award any damages against Concord. What's that? They didn't award any damages against Concord. No, against Richard and Jill Cody for their time at Concord. Good afternoon, Your Honor. Shane Hazelbark on behalf of Concord Investment Services. We submit that this court ought to affirm the judgment of Chief Judge Saris in confirming the arbitration award. It is our position that there was no manifest disregard demonstrated in the district court proceedings. As far as the damages awarded by the arbitrator being tied to the time that Mr. Ebb's account was at Concord, the very first time it was raised was at oral argument in the district court. That was not in the briefs before the district court, and it was not in the arbitration transcript. At the arbitration, the request was for all the money in the account, $144,000 at the beginning, plus the lost opportunity, which ballooned up to $500,000. The arbitrators came about in the middle at $286,000. In the Advest v. McCarthy case, which Judge Stalin, you wrote, the court said that the arbitrators have great leeway in fashioning an award and arguing that the award given doesn't match up with what the parties asked for is not a manifest disregard of the law. So can we go back? Your brother has asserted he did make a direct claim of negligence and was found to have superior against Concord and not just the statutory claims. At the time of the arbitration hearing, there were both direct and vicarious claims prosecuted and defended. No, I'm talking about the statement of claims. Right. Whether they were pled clearly, I don't think so. But at the time of the hearing, that was not a defense that Concord raised, that there's no direct liability claim or that there's no vicarious liability claim. So in other words, those claims, the vicarious liability claim, was argued to the arbitrators? Yes. Yes. Certainly the vicarious liability claim and also the direct claim. The direct claim fails because, as admitted in the arbitration transcript, proof of good faith on the broker's part defeats the direct liability claim. And as you said, Judge Lynch, there was expert testimony, there was fact testimony. Concord did everything it could and more than it was required to monitor the actions of its account representative, Joe Cody, and it saw no red flags. That's good faith on the direct claim, but also that's the plausible basis for the award on the vicarious claim. Nothing Jill Cody did to harm Mr. Ed was within the course and scope of her employment, especially because she was mentioned once in a four day arbitration hearing. And instead, Richard Cody was the bad actor in the entire narrative. Clearly, he there was lots and lots of evidence that he harmed Mr. Ed by misrepresenting the amount in the account, but he was not our account representative for Mr. Ed's account. If Jill Cody also was involved in that, that was not within the course and scope for employment. And it certainly wasn't found when we exercise great supervision over her. So that takes care of both the direct and vicarious liability claims. I'll make this point and leave it alone. A week ago, the Supreme Court decided a case called Rodriguez versus FDIC. It is not an arbitration case. It's not factually similar, but it said federal courts should be wary and engaging in common lawmaking outside of traditional areas like admiralty. Yeah, that's why I asked the question I asked. We submit it's time to put the manifest disregard case to rest because it is a judge made law. Why don't we just let the Supreme Court do that? If you affirm this judgment, I would have no problem with that. If the court has any more questions, we will rest on our feet. Thank you. Your Honor, just to come back to this claim about the statement of claim and whether or not it was pled, this is from R.A. 32. This is in the statement of claim, and it's under the section titled legal claims. And it says Eddie brings claims against respondents, meaning all respondents, pursuant to both federal and state law, including negligence, breach of fiduciary duty, suitability. So that's what we rest on as far as stating. Of course, if you argued it to the arbitrators, then on one theory of this, they rejected your argument, and they didn't need to say why. So the case that I would direct this court to look at most closely, assuming that manifest disregard still exists, is this Hardy v. Walsh Manning case. And I believe they delineate a very helpful distinction between legal reasonings and legal conclusions. Now, there aren't legal reasonings in this arbitration award, but there are necessary conclusions that come out of it, one of which being is that they did not apply the law of respondeat superior. If there is any plausible reading, and you've been offered several of them today, it's not that if there's one plausible reading that goes your way, a court can vacate or avoid it. And there's a standard there. It's a very hard standard. It's any barely culpable justification. So all I would ask of this court is if you believe there's a barely culpable justification that the law of respondeat superior wasn't applied to a determination that Jill Cody was liable for $286,000, that that be in the decision. Because I haven't heard it to date. I haven't seen it in the lower court's district court opinion, and I haven't heard one from Concord. Third one. What was that? That she did not commit any act within the scope of her employment, nor did she commit and if she did commit an act, it was of a forbidden nature and therefore respondeat superior. It's very important to look at exactly what the negligence Jill Cody committed was, which was not lying to Mr. Ebby. It was simply doing nothing in her job, meaning for three and a half years where she was the supervisor of record and it was undisputable that she did not communicate with Mr. Ebby one single time. So her negligence was in failing to do anything in her job. So it's a strain to understand how that could not be within her scope of duty. And the argument, and I haven't heard the argument, the colorable argument for how a court could say that failing to do your job is not within your scope of duty. Thank you. All rise please.